Madison v. James.

A B C D E F G H I K, William Walker's survey of 17,500 acres, on entry of 21,400 acres. The dotted lines are two lines of John Orr's survey. A L M D E F G H I K, William Walker's survey, as directed by the court. K I, the land of Morton. H G, the land of Fisher. G F E D, the land of Morton. The largest water course is the south fork of Licking. 1 to 2, Raven creek. 2 to 3, main branch of eastwardly fork. 2 to 5, west fork of Raven creek. 4 to 6, Doe run. From L, along the interrupted line, to the intersection with the dotted line, and along the black line to the intersection with the dotted line, is the interference, which is 2783 acres and 90 poles.

THOMAS MADISON v. ABRAHAM JAMES.

In Chancery.

Thomas Quirk, on the 2d day of December, in the year 1779, obtained from the commissioners for the district of Kentucky, the following certificate for a pre-emption of 1000 acres of land, to-wit:

" Thomas Quirk this day claimed a pre-emption to a tract of land, lying on the waters of Dick's river, adjoining the lands of George Smith, by building a cabin in the year 1774. John Bowman, in behalf of the heirs of Joseph Bowman deceased, appeared and contested the said claim, whereupon sundry witnesses were sworn and examined, in consideration of which, the court are of opinion that the said Quirk has a right to a pre-emption of 1000 acres of land, including the said cabin, and that a certificate issue accordingly."

And sold the said 1000 acres of land to the complainant.

Edward Bulger, on the 11th day of February, in the year 1780, obtained the following certificate from the said commissioners, to-wit:

Madison v. James.

".Edward Bulger this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, on account of raising corn in the country in the years 1775 and 1776, lying on Harrod's run below the lands of Thomas Quirk, to include his improvement. Satisfactory proof being made to the court, they are of opinion that the said Bulger has a right to a settlement of four hundred acres of land, to include the above location and the pre-emption of 1000 acres adjoining, and that a certificate issue accordingly."

The annexed connected plat, No. 16, was filed in the cause, of which the following is an explanation:

1 2 3 4 5 6 7 8, Thomas Madison's survey of 1000 acres, as assignee of Thomas Quirk.   T Q, Thomas Quirk's cabin.   9 10 11 12, Edward Bulger's settlement survey.   11 12 13 14, 650 acres, part of Bulger's pre-emption as surveyed.   E B, Edward Bulger's improvement, or Kerr's lottery cabin.   From Bulger's improvement to Quirk's improvement, is north 86½ west, 212 poles.   The dotted line intersecting the line from one improvement to the other, half way between each, is a north and south line.   2 15 16, the interference contrary to the agreement.

Edward Bulger having surveyed his claim as described in the plat, departed this life and devised the said settlement and pre-emption to the defendant.

The complainant also surveyed his pre-emption, as assignee of Thomas Quirk, in the manner described on the said connected plat, and brought this suit against the defendant, alleging in his bill that Thomas Quirk built the cabin in the certificate mentioned, in the year 1774, and that Edward Bulger improved in the year 1776, at Kerr's lottery cabin, and then established a dividing line

with a certain Joseph Bowman, who had improved at Quirk's cabin, which line was to run north and south, and be half way between the two improvements, which he alleged was the established agreement between the old adventurers.

The original subpena was served on the defendant, and after the bill had been filed, an attachment was also served on him, but he made no defense but suffered the bill to be taken *pro confesso*.

BY THE COURT.—The complainant must recover of the defendant the interference described on the plat by the figures 2 15 16, containing 78½ acres, which interference is occasioned by the defendant's surveying to the west of the dividing line established between Bulger and Bowman. Decreed that the defendant should convey that quantity, and that the complainant should release his interest in the balance of the interference. Defendant to pay costs.